United States District Court
Southern District of Texas
**ENTERED**
December 14, 2020
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Keith Dewayne Dillingham, § | |
|    Petitioner, § | |
| § | |
| v. § | Civil Action H-20-879 |
| § | |
| Bobby Lumpkin, § | |
| Director, Texas Department § | |
| of Criminal Justice, Correctional § | |
| Institutions Division, § | |
|    Respondent. § | |

## Report and Recommendation

Keith Dewayne Dillingham has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction for murder. (D.E. 1.) The court recommends that the petition be dismissed with prejudice as time-barred.

### 1. Background

On October 21, 2013, Keith Dewayne Dillingham pleaded guilty and was sentenced to fifty years confinement in the Texas Department of Criminal Justice. (D.E. 10-4 at 10–11; D.E. 10-5 at 33.) Dillingham waived his right to appeal. (D.E. 10-4 at 14–15; D.E. 10-5 at 34.)

Despite the waiver, Dillingham appealed the judgment in 2017. (D.E. 10-6 at 25.) The Court of Appeals for the First District of Texas dismissed for want of jurisdiction. *Id.* at 24–27. Dillingham filed a state application for a writ of habeas corpus on August 23, 2018. (D.E. 10-3 at 6–51.) On March 6, 2019, the Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court. (D.E. 10-1.) Dillingham signed and filed his federal petition for writ of habeas corpus on February 27, 2020. (D.E. 1.)

2. *Statute of Limitations under 28 U.S.C. § 2244*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) sets a one-year limitations period for federal habeas petitions. *See* 28 U.S.C. § 2244(d). The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2).

Because Dillingham challenges a state-court conviction, the limitations period began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Dillingham's conviction became final upon entry of his guilty plea on October 21, 2013. *See Chacon v. Stephens*, No. 4:13-CV-2184, 2014 WL 3543722, at *3 (S.D. Tex. July 14, 2014) ("Petitioner's conviction became final for AEDPA purposes immediately upon entry of his guilty plea . . . because that is when he became 'unable to pursue further direct

review' in Texas courts." (quoting *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003))). Absent tolling, the limitations period would expire one year later, on October 21, 2014.

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed application for State post-conviction or other collateral review" is pending does not count toward the one-year limitations period. "[A] state habeas petition is 'pending' for the purposes of tolling under § 2244(d)(2) on the day it is filed through (and including) the day it is decided." *Windland v. Quarterman*, 578 F.3d 314, 315 (5th Cir. 2009). Dillingham filed his state habeas petition almost four years after the expiration of AEDPA's one-year limitations period. Statutory tolling did not apply. *See Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (finding no statutory tolling where a state habeas petition was filed after AEDPA's limitations period expired). No other statutory provision applies to extend the limitations period. *See* 28 U.S.C. § 2244(d)(1)(B)–(D).

### 3. *Equitable Tolling*

The court may allow an untimely case to proceed if the facts present "sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). Exceptional circumstances may include a situation where "the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Larry v. Dretke*, 361 F.3d 890, 897 (5th Cir. 2004) (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)). To warrant tolling, a petitioner must also demonstrate that they diligently pursued their rights despite the extraordinary circumstances that stood in their way. *Id.* (citing *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000)). A petitioner bears the burden to show that equitable tolling should apply. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Dillingham argues that he was heavily medicated by prison officials and was thus unable to pursue his rights in a diligent manner. Construing his arguments liberally, he also argues that his medication

3

regimen was a state-created impediment to his timely filing in federal court.

Barriers such as mental incompetency may support equitable tolling if the facts show that the petitioner "simply [could] not pursue his legal rights during such a period." *Fisher*, 174 F.3d at 715. Conclusory allegations of mental illness are insufficient. *Smith v. Kelly*, 301 F. App'x 375, 377–78 (5th Cir. 2008). "Although mental illness may warrant equitable tolling, a petitioner (i) must make a threshold showing of incompetence and (ii) must show that this incompetence affected his ability to file a timely habeas petition[]." *Jones v. Stephens*, 541 F. App'x 499, 505 (5th Cir. 2013) (collecting cases).

According to Dillingham's records, he was prescribed seven different daily medications in the fall of 2013. (D.E. 11 at 9.) Each prescription lasted ninety days. *Id.* Nothing in the records shows Dillingham continued taking those medications beyond the ninety-day period. Dillingham has not provided any medical records to show that he was prescribed medication any time after 2013. He has not shown that his mental impairments prevented him from exercising diligence before AEDPA's limitations period expired.

Moreover, assuming for the sake of argument that Dillingham was unable to pursue his legal remedies until after the AEDPA limitations period expired, Dillingham was competent enough to pursue multiple state court remedies after his judgment became final. State court documents show that Dillingham requested information about his judgment as early as 2016. (D.E. 11 at 10.) He was able to file a state court appeal in 2017 and to file a state habeas petition in 2018. Dillingham does not explain how he was capable of these tasks but unable to file his federal petition. The court notes that Dillingham's state habeas petition was denied on March 6, 2019, but he did not file his federal petition until February 27, 2020, nearly a year later.

The record unequivocally refutes Dillingham's assertion that he was unable to pursue his rights. The record also clearly refutes the notion that the state created a barrier to his filing a federal habeas

4

petition. His unsupported assertions to the contrary are not enough. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (denying equitable tolling where the alleged state-created impediment was removed before the limitations period expired); *Smith*, 301 F. App'x at 378 (concluding that the mere assertion of alleged mental illness without specifics did not establish that the petitioner was unable to pursue his rights within AEDPA's limitations period).

*4. Conclusion*

The court recommends that Lumpkin's motion for summary judgment be granted and that Dillingham's petition for writ of habeas corpus be dismissed with prejudice as time-barred.

The parties have fourteen days from service of this report and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on December 14, 2020.

_____
Peter Bray
United States Magistrate Judge